IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
May 03, 2022 01:20 PM
SX-2017-CV-00180
**TAMARA CHARLES**
**CLERK OF THE COURT**



# SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **TYRONE JOSEPH AND DIANA E. JOSEPH,**<br><br>PLAINTIFFS,<br><br>V.<br><br>**ARTURO MONELL, MONA MONELL, AND STEVEN WILLIAMS,**<br><br>DEFENDANTS. | **Civil No. SX-2017-CV-180**<br><br>**ACTION FOR DAMAGES FOR TORTIOUS INTERFERENCE WITH CONTRACT, AND DESTRUCTION OF, AND/OR DAMAGES TO PROPERTY**<br><br>**CITE AS: 2022 VI SUPER 50U** |

**Appearances:**
**Lydia L. Moolenaar, Esq.**
The Law Offices of Lydia L. Moolenaar
Christiansted, U.S. Virgin Islands
*For Plaintiffs*

**Martial A. Webster, Sr., Esq.**
Law Office of Martial A. Webster, Sr.
*For Defendant Arturo Monell*

**Mona Monell**
*Defendant, Pro Se*

**Steven Williams**
*Defendant, Pro Se*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** is before the Court *sua sponte* for review.

## BACKGROUND

¶ 2    On April 18, 2017, Plaintiff Tyrone Joseph and Plaintiff Diana E. Joseph (collectively, hereinafter "Plaintiffs") filed a verified complaint against Defendant Arturo Monell, Defendant Mona Monell, and Defendant Steven Williams (collectively, hereinafter "Defendants"), in an

"action for damages for tortious interference with contract and destruction of and/or damages to property." (Compl.) According to the proofs of service filed on July 7, 2017, Defendant Mona Monell and Defendant Steve Williams were successfully served on July 5, 2017 and July 6, 2017, respectively, but Defendant Arturo Monell was not successfully served.

¶ 3    On November 7, 2019, the Court entered an order whereby the Court ordered Plaintiffs to take "the appropriate steps to move this case forward within thirty (30) days, failing which this matter will be dismissed."[1] (Nov. 4, 2019 Order.)

¶ 4    On December 5, 2019, Plaintiffs filed (i) a motion for entry of default as to Defendant Mona Monell, (ii) a motion for entry of default as to Defendant Steven Williams, and (iii) a motion for substituted service by publication as to Defendant Arturo Monell.

¶ 5    On December 16, 2019, default was entered against Defendant Mona Monell and Defendant Steven Williams, and the Court also entered an order whereby the Court granted Plaintiffs' motion for substituted service by publication as to Defendant Arturo Monell.

¶ 6    On April 20, 2022, Defendant Mona Monell sent an email to the Superior Court e-filing email address and requested an extension of time to hire an attorney in this matter.

¶ 7    On April 21, 2022, Martial A. Webster, Sr., Esq. filed a notice of appearance on behalf of Defendant Arturo Monell.

---

[1] In the November 4, 2019 order, the Court pointed out: (i) "The Complaint in this matter was filed on April 18, 2017," (ii) Defendant Mona Monell was served with a copy of the Complaint on July 5, 2017," (iii) "Defendant Steven Williams was served with a copy of the Complaint on July 6, 2017," (iv) "The Affidavit of Service filed on July 7, 2017 stated that Defendant Arturo Monell was not served," (v) "The time has since lapsed for the Defendants to appear or answer," and (vi) "This matter has remained dormant for approximately two years and four months [and] [t]his matter is thus subject to dismissal for lack of prosecution." (Nov. 4, 2019 Order.)

## STANDARD OF REVIEW

¶ 8     In *Halliday v. Footlocker Specialty, Inc.*, the Virgin Islands Supreme Court adopted the six

*Poulis*[2] factors and held that "the Superior Court may not dismiss an action for failure to prosecute

unless these six [*Poulis*] factors strongly weigh in favor of dismissal as a sanction. 53 V.I. 505,

511 (V.I. 2010). The six *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> *Molloy v. Independent Blue Cross*, 56 V.I. 155, 185-86 (V.I. 2012) (quoting *Poulis*, 747 F.2d at 868).

In *Molloy*, the Virgin Islands Supreme Court instructed that "[a]lthough a trial court is not required

to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court

must explicitly consider all six factors, balance them, and make express findings." 56 V.I. 155,

186 (V.I. 2012) (citations omitted). In other words, "the 'extreme' sanction of dismissal is reserved

for instances in which 'a trial court makes appropriate findings to all six factors'" and "[w]ithout

them, the drastic sanction of dismissal 'cannot be warranted.'" *Id.* (citations omitted).

## DISCUSSION

¶ 9     This matter has been pending since 2017 with minimal movement. At this juncture, the

Court will consider the six *Poulis* factors and determine whether dismissal for failure to prosecute

is warranted in this instance.[3]

---

[2] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

[3] As of the date of this Memorandum Opinion and Order, it is unclear whether Plaintiffs published the summons "in a newspaper of general circulation, in the United States Virgin Islands...once (1) a week for four (4) consecutive weeks" as ordered by the Court in the December 16, 2019 order, and thus, it is unclear wether Defendant Arturo

### 1. Tyrone Joseph and Diana E. Joseph's Personal Responsibility

¶ 10    Here, Tyrone Joseph and Diana E. Joseph are represented by counsel. This factor focuses on whether it was the clients—Tyrone Joseph and Diana E. Joseph—or their attorney who is responsible for the delay. Here, there is no direct evidence that Tyrone Joseph and Diana E. Joseph themselves were responsible for the delay in moving this matter forward. However, this case has been pending for more than five years with minimal movement. While it is reasonable for Tyrone Joseph and Diana E. Joseph to rely to some extent on their attorney's diligence and dedication to move this matter forward, at some point, the responsibility becomes that of the clients to ensure that their case is progressing.[4] Thus, the Court finds it reasonable to assume that at least some of the responsibility for this long delay lies with Tyrone Joseph and Diana E. Joseph. As such, this factor weighs in favor of dismissal.

### 2. Prejudice to the Adversary

¶ 11    In *Molloy*, the Virgin Islands Supreme Court stated that "[p]rejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior." 56 V.I. at

---

Monell has been served. For purposes of this Memorandum Opinion and Order, the Court will assume, without deciding, that Plaintiffs complied with the December 16, 2019 order and that Defendant Arturo Monell was served. In the event that Plaintiffs have not yet complied with the December 16, 2019 order and Defendant Arturo Monell still has not been served in this lawsuit that was commenced on April 18, 2017, then the Court must point out that the deadline to serve Defendant Arturo Monell has long passed. *See* V.I. R. CIV. P. 4(n) ("If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

[4] The Court is, of course, oblivious to the communications between Tyrone Joseph and Diana E. Joseph and their attorney, however, the Court is not ready to assume the unlikely scenario where Tyrone Joseph and Diana E. Joseph requested their attorney to take action in this matter and their attorney refused but they nevertheless continued to retain the same attorney to represent them in this matter.

189 (*citing Poulis*, 747 F.2d at 868). As noted above, there has been minimal movement in this case since its inception.[5] With the passage of time, evidence could be lost, memories could fad, and witnesses could disappear or become unavailable. As with any case, a lengthy delay will certainly make it more difficult for Defendants to defend against Plaintiffs' claims. As such, this factor weighs in favor of dismissal.

### 3. A History of Dilatoriness

¶ 12    A history of dilatoriness is characterized by a consistent delay by the plaintiff's counsel. *Gilbert v. Gilbert*, 2017 V.I. LEXIS 143, at *8 (Super. Ct. Sep. 11, 2017) (citing *Poulis*, 747 F.2d at 868). A review of the file and the docket revealed that Plaintiffs have been dilatory in prosecuting this matter—to wit, (i) this matter sat dormant without any movement at all for over two years after Plaintiffs served/attempted to serve Defendants in July 2017, and the slightest action taken by Plaintiffs in December 2019 to move this matter forward was not done until ordered by the Court in the November 7, 2019 order,[6] (ii) to date, over two years after default has been entered, Plaintiffs still have not filed their motions for default judgment as to Defendant Mona Monell and Defendant Steven Williams, and (iii) to date, Plaintiffs still have not filed their motion for entry of default as to Defendant Arturo Monell.[7] As such, this factor weighs strongly in favor of dismissal.

### 4. Offending Party/Attorney's Conduct Willful or in Bad Faith

¶ 13    In *Molloy*, the Supreme Court stated that "the trial court must point to specific evidence to justify its determination of willfulness or bad faith." 56 V.I. at 192. Thus, if there is no evidence

---

[5] *See* "Background."

[6] *See supra*, footnote 1.

[7] *See supra*, footnote 3.

of willfulness or bad faith on the record, the Court must presume the party/attorney's conduct was not willful or in bad faith. *Id.* Here, there is no specific evidence to justify a determination that Plaintiffs' conduct was willful or in bad faith. As such, this factor weighs against dismissal.

### 5. Effectiveness of Alternate Sanctions

¶ 14    Courts must look to other appropriate methods of sanctioning before dismissal for failure to prosecute because "[d]ismissal must be a sanction of last, not first, resort." *Gilbert*, 2017 V.I. LEXIS 143 at *10 (citing *Poulis*, 747 F.2d at 869). Here, some alternate sanctions include excluding evidence, precluding witnesses, striking portions of the pleadings, or imposing monetary sanctions. *See Gilbert*, 2017 V.I. LEXIS 143 at *10. However, none of these alternatives are appropriate here because in taking everything into consideration—such as the fact that this case has been pending since 2017 with minimal movement and Plaintiffs' dilatory and lackadaisical approach to this matter—the Court finds that there lacks a clear interest on Plaintiffs' part to pursue their case against Defendants. As such, this factor weighs in favor of dismissal.

### 6. Meritoriousness of the Claim

¶ 15    "In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *See Gilbert*, 2017 V.I. LEXIS 143 at *10 (quoting *Poulis*, 747 F.2d at 869-70). In her complaint, Plaintiff did not set forth any counts designating specific causes of action, but the caption indicated it was an "action for damages for tortious interference with contract and destruction of and/or damages to property." (Compl.) Based

on the allegations in the complaint,[8] the Court deduced the following causes of action: interference

with existing contracts and interference with prospective business relations.[9] Plaintiffs may have

---

[8] In the complaint, Plaintiffs alleged:

. . .

7. That Plaintiffs purchased their property at Plot No. 3K Estate Cane Garden, St. Croix United States Virgin Islands as an investment property and since that time until august of 2016, have rented it, at an average rent of $1,087.00-$1,500.00 per month.

8. That Plaintiffs' property includes among other amenities, a large back porch which enjoys a panoramic view of the South Shore and Hay Penny Bay and it is located on a cul de sac.

9. That Plaintiffs have contracted with several different tenants to rent the `subject home, and upon information and belief, since even before they so contracted and/or so owned the home, the defendants, Mona Monell and/or Steven Williams, have displayed a pattern of violent, malicious, harassing and threatening behavior towards all persons who rented, resided and/or visited in the subject home.

10. That this violent, malicious, harassing, assaultive and threatening behavior towards the tenants who contracted with Plaintiffs to rent the subject home include, but are not limited to:

   a. throwing rocks at and breaking a window in the subject home while the tenants were present, and numerous other incidents of rock throwing at the house and property;

   b. starting brush fires, some as close as 10-15 feet away from the Plaintiffs' home, which travelled to their fence line;

   c. throwing garbage at the tenants and onto the Plaintiff's property, and/or piling garbage in the driveway/roadway so that tenants could not get to their home without driving over it or cleaning it up;

   d. cutting down most, if not all of the trees, along the fence line of the two properties so that the privacy of the tenants was/is hindered;

   e. screaming curse words at and threatening the tenants, at times while not being clothed;

   f. placing large rocks, no parking signs and other objects in the public roadway of the cul de sac, so that the tenants could not park their vehicles in front of their rental home;

   g. filing false and/or baseless incident reports against a police officer tenant with the internal affairs bureau solely to harass that tenant;

   h. making false accusations against tenants and/or filing police reports and/or calling the police on them, and/or filing court actions against them, solely to harass;

   i. engaging in constant and continuing verbal harassment of tenants, their children, their guests and workers who were on the property to perform work for Plaintiffs and/or the tenants;

   j. Beating on sheets of galvanized with a hammer in the early morning hours at the fence line in order to disturb the sleep of the tenants and/or to harass/intimidate them;

   k. Cutting the grass as early as 5:00 a.m. and as late as after 9:00 p.m., in order to disturb the sleep of tenants and/or to harass/intimidate them; and

   l. grabbing [sic] the cellphone of a tenant and throwing it, physically assaulting, bumping into and/ or touching tenants in a threatening manner without their permission, and/ or putting fingers in tenants' faces.


intended for their complaint to include additional causes of action. But, alas, Plaintiffs failed to set

forth any counts designating specific causes of action as required under Rule 8 of the Virgin Islands

Rules of Civil Procedure,[10] and Plaintiffs cannot and should not expect the Court to parse through

Plaintiffs' allegations, decipher which causes of action are alleged, and determine which facts

---

11. That Defendants have singularly and collectively consorted to harass and threaten Plaintiffs tenants, their guests and workers hired to work on the property to ensure that no one would feel safe while on Plaintiffs' property.

12. That as a direct result of this continued pattern of violent, harassing, assaultive, malicious and threatening behavior by the Defendants, tenants have moved out of the home, prior to expiration of the contractual lease agreements that each had signed With the Plaintiffs, causing Plaintiffs to suffer a serious loss of income from the loss of these tenants, which conduct constitutes malicious and/or intentional interference with that contract. Thus, Defendants should be held liable for losses sustained as a result of Defendants' interference with the subject contract.

13. Further, Defendants' conduct have [sic] made it difficult, if not impossible, for Plaintiffs to find new tenants, resulting in other and/or continuing loss of income.

14. That upon information and belief, Steven Williams, who is the son of Mona Monell, and/or Arturo Monell, the property owners of the premises neighboring the Plaintiffs' home, has a mental illness and/ or mental condition(s), but that Mona Monell and/or Arturo Monell have done nothing and/or has not done sufficient acts to curb/stop the aforementioned behavior of Steven Williams. Therefore, all Defendants should be jointly and severely held liable for any and all losses sustained by the Plaintiffs as a result of Defendants actions/inactions.

15. That Plaintiffs have had to expend sums of money to repair the damages that Defendants have caused to their property, incur the cost of air fare to travel to St. Croix from Texas to assist his tenants and repair broken windows, purchase of fire insurance due to fear of the Defendants setting their property on fire, installation of a surveillance system to attempt to protect their tenants and their property and other losses, including the aforementioned past, present and future loss of income from loss of tenants and/or inability to obtain new tenants.

16. That Defendants have singularly and collective consorted to deprive Plaintiffs of the economic opportunity for which their property was purchased.

17. That Defendants conduct was wrongful and that Plaintiffs were harmed as a result of Defendants' actions.

18. That Defendants wrongful conduct was a substantial factor in causing Plaintiffs harm both by interference with contract and causing property damage and other economic losses.

19. That Defendants should be jointly and severely held accountable for any and all losses sustained by the Plaintiffs as a result of all Defendants behavior.

(Compl.)

[9] In the Virgin Islands, there are principally two causes of action for a party's interference with another's contracts: interference with existing contracts and interference with prospective business relations. *Peace v. Banco Popular de P.R.*, 2022 V.I. Supreme LEXIS 2, at *4 (V.I. 2022).

[10] The Virgin Islands Rules of Civil Procedures went into effect on March 31, 2017, and therefore, in effect when Plaintiffs filed their complaint on April 18, 2017.

satisfy the elements of each. The Court cannot do Plaintiffs' job for them. *Cf. Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). Thus, the Court will only address the aforementioned causes of action.

### a. Claim for Interference with Existing Contracts and Claim for Interference with Prospective Business Relations

¶ 16    In *Peace*, the Virgin Islands Supreme Court instructed:

> To recover on a claim for interference with existing contracts, a plaintiff must prove: (1) the existence of a cont[r]act between the plaintiff and a third party, (2) the defendant knew of the contract, (3) the defendant interfered with the contract using improper means or with an improper motive, and (4) the plaintiff was damaged as a result of the defendant's interference. *Rondon v. Caribbean Leasing & Eco. Transp., Inc.*, 74 V.I. 397 (V.I. Super. Ct. 2021). To prevail on a claim for interference with prospective contracts, a plaintiff must establish: (1) the existence of a professional business relationship that is reasonably certain to produce an economic benefit for the plaintiff, (2) intentional interference with that relationship by the defendant, (3) which the defendant accomplished through improper means or for an improper purpose, and (4) the defendant's interference damaged the plaintiff. *Id.* Crucially, the requirements for tortious interference with business relations includes the same elements as interference with existing contracts. *Id.*

> 2022 V.I. Supreme LEXIS 2, at *4-5.

¶ 17    In their complaint, Plaintiffs alleged that: (i) they own the real property located at Plot No. 3K Estate Cane Garden, St. Croix, U.S. Virgin Islands (hereinafter "Rental Property") and that they, as landlords, have contracted with third-parties, as tenants (hereinafter "Tenants"), for Tenants to rent and reside at the Rental Property, (ii) Defendants knew of the contracts—to wit, Defendants were aware of Tenants living on the Rental Property, (iii) Defendants interfered with the contracts using improper means and with an improper motives—to wit, Defendants' violent, malicious, harassing, assaultive and threatening behavior" towards Tenants and their guests, and (iv) Plaintiffs were damaged as a result of Defendants' interference—to wit, Plaintiffs expended

money to repair the damages to the Rental Property caused by Defendants and Plaintiffs lost money when Tenants vacated the Rental Property prior to the expiration of the rental term.[11] The Court finds Plaintiffs' claim for interference with existing contracts and claim for interference with prospective business relations meritorious because if these allegations are established at trial, they would support recovery by Plaintiffs. As such, this factor weighs against dismissal.

¶ 18    Having examined the six *Poulis* factors regarding the dismissal of this matter for failure to prosecute, the Court finds that two factors weigh against dismissal and four factors weigh in favor of dismissal (with one factor—a history of dilatoriness—weighing strongly in favor). In this instance, the Court finds the extreme sanction of dismissal is warranted. *See Molloy*, 56 V.I. at 186 ("Although a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings.").

## CONCLUSION

¶ 19    Based on the foregoing, the Court will dismiss this matter for failure to prosecute and close this matter. Accordingly, it is hereby:

**ORDERED** that this matter is **DISMISSED WITH PREJUDICE**. It is further:

**ORDERED** that this matter is **CLOSED**. It is further:

**ORDERED** that a copy of this Memorandum Opinion and Order shall be served upon:

(i)     Lydia L. Moolenaar, Esq. **electronically**.

(ii)    Martial A. webster, Sr., Esq. **electronically**.

(iii)   Defendant Steven Williams via **personal service** at Plot No. 3A Estate Cane Garden, St. Croix, U.S. Virgin Islands.[12]

---

[11] *See supra*, footnote 8.

[12] This is the information provided in the "Case Information and Litigant Data Form" and the complaint.

(iv)    Defendant Mona Monell via (i) **certified mail** and **regular First-Class mail** to P.O. Box 3459, Kingshill, VI 00851 and (ii) email to **praisegod9201@gmail.com**.[13]

**DONE and so ORDERED this ___3rd___ day of May 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: ___May 4, 2022___

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

---

[13] This is the information provided by Defendant Mona Monell in her April 20, 2022 email.